UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK GULLET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV1571 JCH |
| | ) |
| CITY OF SAINT LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint, filed October 15, 2020. (ECF No. 108). Plaintiff Mark Gullet brings a number of claims under 42 U.S.C. §1983 alleging violations of his First, Fourth, and Fourteenth Amendment rights, as well as supplemental state-law claims, against several St. Louis Metropolitan Police Department ("SLMPD") Officers and the City of St. Louis (the "City") for their actions during the protests following the September 15, 2017, verdict in *State of Missouri v. Stockley*.[1] Plaintiff claims that he was unlawfully "kettled,"[2] pepper sprayed without warning, assaulted, and arrested while engaged in peaceful protest activity.

Plaintiff originally filed suit on September 17, 2018, and has twice previously amended his Complaint. The Second Amended Complaint, filed pursuant to Court Order on February 14, 2019, named as Defendants the City, six supervising officers, one arresting officer, and "John Does #1-5," who were alleged to have participated in the unlawful use of force and arrest of

---

[1] *State v. Stockley*, No. 1622-CR02213-01 (Mo. 22nd. Jud. Cir. Sep. 15, 2017).

[2] According to the Complaint, "kettling" is a law enforcement tactic by which officers encircle a group of protestors without providing a means of egress.

Plaintiff but whose identities Plaintiff had not yet ascertained. After the Court ruled on Defendants' Motion to Dismiss the Second Amended Complaint, granting it in part and denying it in part, the parties engaged in extensive discovery to identify the John Doe Defendants.

Plaintiff's current Motion for Leave to Amend, which was timely filed, seeks to substitute named individual Defendants in the place of the John Doe Defendants, and to add numerous additional supervising officers as Defendants, for a total of more than 50 supervisory Defendants. Among these proposed new Defendants are Lawrence O'Toole, who served as the acting Chief of Police, and Charlene Deeken, who served as the City's Director of Public Safety, at the relevant time. Plaintiff also seeks to add two new claims: a state-law claim for "Vicarious Liability under City Charter" against O'Toole and Deeken (Count XI), and a "Failure to Intervene in Use of Excessive Force" claim against all officers and O'Toole (Count XIII). Finally, Plaintiff's proposed amendment removes the exhibits that were attached to his prior Complaint. These exhibits included, for example, portions of the judicial record in *Ahmad v. City of St. Louis*, No. 4:17-CV-2455 CDP (E.D. Mo.), a putative class action also arising out of SLMPD officers' conduct with respect to the *Stockley* protests. See ECF No. 35.

Defendants oppose Plaintiff's motion arguing, among other things, that Plaintiff's new claims are futile and that the Court should decline to exercise supplemental jurisdiction over the proposed new state-law claim alleging vicarious liability under the City Charter. Defendants also argue that the proposed amendment would prejudice them by greatly expanding the number of supervisory Defendants, and by impeding Defendants' ability to mount a qualified immunity defense. As to the latter argument, Defendants contend that the proposed amendment seeks to

moot Defendants' pending Motion for Judgment on the Pleadings (ECF No. 76), by removing several of the exhibits on which that motion relied.[3]

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires."  Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile or cause unfair prejudice to the opposing party.  *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011).  Given the overlap of facts underlying the claims in the original and proposed Amended Complaints, and the scope of supervisory liability previously alleged, the Court does not believe that Defendants would be unfairly prejudiced by the proposed amendment.

Nor can the Court conclude, on the record before it, that the proposed amendment is futile or that the Court should decline to exercise supplemental jurisdiction over the new state-law claim.  Defendants remain free to challenge the merits of Plaintiff's claims and to assert qualified immunity in response to this Third Amended Complaint.  In doing so, Defendants may incorporate by reference their prior arguments for judgment on the pleadings as they see fit.  To the extent that Defendants wish to introduce matters outside the Complaint that are not a matter of public record or are not otherwise appropriate for consideration on a motion on the pleadings, the Federal Rules of Civil Procedure provide mechanisms to do so.  *See, e.g.*, Fed. R. Civ. P. 56.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 108) is **GRANTED**.  The Clerk of Court shall detach ECF No. 108-1

---

[3] Nearly identical motions for judgment on the pleadings were filed in other cases arising out of SLMPD officers' conduct with respect to the *Stockley* protests.  Chief Judge Rodney W. Sippel ruled on one such motion before the Plaintiff in that case sought leave to amend the Complaint.  *See Baude v. City of St. Louis,* No. 4:18-CV-1564-RWS, 2020 WL 4470846, at *1 (E.D. Mo. Aug. 4, 2020).  An appeal from that Order is now pending before the Eighth Circuit.

(incorrectly titled "Second Amended Complaint") and file it as Plaintiff's Third Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall promptly effect service on the newly added Defendants.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings directed to the prior Complaint (ECF No. 76) is **DENIED without prejudice, as moot**.

Dated this   4th   Day of December, 2020.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE